O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMBO BRIGHT TRADING LIMITED, a Hong Kong corporation; CHARLES ANTHONY PHILIP POZZI,<br><br>    Plaintiffs,<br>  v.<br>THE GAP, INC.,<br>    Defendant. | Case No. CV 12-08932 DDP (MANx)<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>[Docket No. 5] |

    Plaintiffs Jumbo Bright Trading Limited and Charles Anthony Philip Pozzi (collectively "Plaintiffs") have sued The GAP, Inc. ("Defendant") for various claims including trademark infringement, patent infringement, and the right of publicity. See generally Complaint. The dispute arises from Defendant's new Phillip loafers, which are allegedly confusingly similar to Plaintiffs' CP Charles Philip loafers. Id. Presently before the court is Plaintiffs' Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction ("Motion").

Because Plaintiffs offer no evidence of irreparable harm, the court DENIES their Motion in its entirety.[1]

## I. Legal Standard

An *ex parte* Temporary restraining order ("TRO") may be granted when it is shown "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Courts apply the preliminary injunction factors in deciding whether to grant a TRO. See Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A party requesting a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). If a plaintiff fails to "clearly show that it is likely to suffer immediate and irreparable harm absent a TRO," a court need not consider the other three factors. ConocoPhillips Co. v. Gonzalez, No. 5:12-CV-00576-LHK, 2012 WL 538266, at *3 (N.D. Cal. Feb. 17, 2012) (quotation omitted). "A TRO is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Niu v. United States, 821 F. Supp. 2d 1164, 1168 (C.D. Cal. 2011).

## II. Irreparable Harm Analysis

---

[1] The parties appear to dispute whether Defendant received proper service of Plaintiffs' Motion. Because Plaintiffs' Motion is denied, however, the court need not determine whether proper service occurred.

2

"Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Serv. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original, citations omitted). Demonstrating irreparable harm requires evidence. See Winter, 555 U.S. at 21.

Previously, the Ninth Circuit presumed irreparable harm in trademark infringement cases if a plaintiff showed a likelihood of success on the merits. See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1066 (9th Cir. 1999). However, in Winter the Supreme Court held that, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 555 U.S. at 22. After Winter, the Ninth Circuit made clear that courts could no longer presume irreparable harm after finding a likelihood of success on the merits in copyright cases. Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 998 (9th Cir. 2011). As far is this court is aware, every district court in the Ninth Circuit that has examined the issue after Flexible Lifeline, along with a number that analyzed the issue before that case, has either found or at least suggested that irreparable harm cannot be presumed in trademark cases as well. See e.g. CytoSport, Inc. v. Vital Pharm., Inc., 617 F. Supp. 2d 1051, 1065 (E.D. Cal. 2009)

3

aff'd, Cytosport, Inc. v. Vital Pharm., Inc., 348 F. App'x 288 (9th Cir. 2009); Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc., No. 2:12-CV-00560-MMD-GWF, 2012 WL 3020039, at *15 (D. Nev. July 24, 2012); BoomerangIt, Inc. v. ID Armor, Inc., No. 5:12-CV-0920 EJD, 2012 WL 2368466, at *4 (N.D. Cal. June 21, 2012); Seed Servs., Inc. v. Winsor Grain, Inc., No. 1:10-CV-2185 AWI GSA, 2012 WL 1232320, at *4 (E.D. Cal. Apr. 12, 2012); ConocoPhillips, 2012 WL 538266, at *2-3; AFL Telecomms. LLC v. SurplusEQ.com, Inc., No. CV 11-01086-PHX-FJM, 2011 WL 4102214, at *3 (D. Ariz. Sept. 14, 2011) reconsideration denied, No. CV 11-1086-PHX-DGC, 2011 WL 5547855 (D. Ariz. Nov. 15, 2011); Mortgage Elec. Registration Sys., Inc. v. Brosnan, No. C 09-3600 SBA, 2009 WL 3647125, at *8 (N.D. Cal. Sept. 4, 2009); Volkswagen AG v. Verdier Microbus & Camper, Inc., No. C 09-00231 JSW, 2009 WL 928130, at *2 (N.D. Cal. Apr. 3, 2009).

Plaintiffs first argue that they are entitled to a presumption of irreparable harm, because they have shown a likelihood of success on the merits for their trademark claim. (Plaintiffs' Memorandum of Points and Authorities in Support of Ex Parte Application for a Temporary Restraining Order at 17:19-18:18, Docket No. 10.)[2] For the reasons discussed, Plaintiffs rely on former law. Plaintiffs, however, do offer some evidence of irreparable harm. Plaintiffs claim that, "[e]very day consumers are buying [Defendant's] loafers assuming they meet Plaintiffs' quality standards and they do not." (Docket No. 10 at 19:1-2.) Although the irreparable harm section of their brief does not cite

---

[2] In violation of local rules, Plaintiffs did not e-file their reply brief. C.D. Cal. L.R. 5-4.1. In light of the time pressures of a TRO motion, the court exercised its discretion and accepted the brief.

4

it, Plaintiffs have provided a letter that their distributor wrote to Defendant, which claims that Defendant's loafers were confusing customers and diminishing Plaintiffs' sales. (Bates Decl. Ex. O., Docket No. 10-1.) However, the letter provides no specifics to support these assertions. Id. It does not explain how its author knew customers had been confused, nor does it specify any actual lost revenues that have occurred since Defendant's product was introduced. Id. Indeed, the letter's language seems to express only a speculative concern: "[O]ur customer stores. . . are concerned that this blatant copy of a unique design. . . will infringe on their sales." Id. These conclusory statements do not "demonstrate" that there is an "immediate threatened injury." See Caribbean Marine, 844 F.2d at 674; see also Overstreet ex rel. Nat'l Labor Relations Bd. v. W. Prof'l Hockey League, Inc., No. CV 09-0591 PHX ROS, 2009 WL 2905554, at *8 (D. Ariz. Sept. 4, 2009) (explaining that "clear evidence, not speculation" is required to support allegations of "irreparable harm"). Plaintiffs have, thus, not met there burden.[3]

**III. Conclusion**

    For the reasons discussed, the court DENIES Plaintiffs' Motion in its entirety.

///
///
///
///

---

[3] Plaintiffs also cite a blog post from July 31, 2012, as proof that Defendant's products will confuse customers. (Memo at 13:25.) Plaintiffs purport to provide a copy of this post at Exhibit R to the Bates declaration. No such exhibit, however, could be found by the court.

5

1  The court notes that this denial is without prejudice, and
2 finds that this matter is more suitable for resolution upon a
3 noticed motion for a preliminary injunction.
4
5  IT IS SO ORDERED.
6
7
8  Dated: October 25, 2012
                                    DEAN D. PREGERSON
9                                   United States District Judge

6