O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUMBO BRIGHT TRADING LIMITED, a Hong Kong corporation; CHARLES ANTHONY PHILIP POZZI, | ) ) ) ) ) | Case No. CV 12-08932 DDP (MANx) ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION |
| Plaintiff, | ) ) | [Docket No. 25] |
| v. | ) ) | |
| THE GAP, INC., | ) ) | |
| Defendants. | ) ) | |

**I. Background**

Plaintiffs Jumbo Bright Trading Limited ("JBTL") and Charles Anthony Philip Pozzi ("Pozzi") (collectively "Plaintiffs") have sued The GAP, Inc. ("Defendant") for various claims including trademark infringement, patent infringement, and the right of publicity. (See generally Compl., Docket No. 1.) The dispute arises from Defendant's new loafers, which are allegedly confusingly similar to Plaintiffs' CP Charles Philip loafers—both in design and in Defendant's use of a stamp containing the word "Phillip" or "Philli" on the inside of its loafers. (Id.; See Hubbard Decl. ("Second Hubbard Decl.") ¶¶ 4-5, Docket No. 36.) On

October 23, 2012, Defendant ceased manufacturing loafers that bear a "Phillip" and "Philli" stamp, and will no longer use the stamps on its loafers once the remaining loafers are sold, which Defendant estimates will occur by March 4, 2013. (Id. ¶¶ 6-7.) Defendant states that "a customer cannot locate [Defendant's loafers] by searching the term 'Phillip' on Gap's website." (Id. ¶ 5.) Defendant will keep sales records of its slippers bearing the challenged stamp, "throughout the duration of this litigation, including any appeals." (Id. ¶ 9.)

On October 25, 2012, this Court issued an Order Denying Plaintiffs' Application for a Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction ("Order"). (Docket No. 21.) Presently before the court is Plaintiffs' Motion for a Preliminary Injunction ("Motion"). (Docket No. 27.) Because Plaintiffs have not shown they are likely to suffer irreparable harm, their Motion is DENIED in its entirety.

## II. Legal Standard

The Supreme Court set forth the standard for assessing a motion for preliminary injunction in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 29 (2008). "Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009). If a plaintiff fails to show a single factor, such as irreparable harm here, a court need only discuss that factor. Amylin Pharmaceuticals, Inc. v. Eli

2

Lilly & Co., 456 F.App'x 676, 679 (9th Cir. 2011) (unpublished); ConocoPhillips Co. v. Gonzalez, No. 5:12-CV-00576-LHK, 2012 WL 538266, at *3 (N.D. Cal. Feb. 17, 2012).

### III. Irreparable Harm Analysis

Plaintiffs have not shown a likelihood of suffering irreparable harm. Plaintiffs were required to provide "admissible evidence" showing "that the harm is real, imminent and significant." Volkswagen AG v. Verdier Microbus & Camper, Inc., No. C 09-00231 JSW, 2009 WL 928130, at *6 (N.D. Cal. Apr. 3, 2009). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original). In the context of trademark infringement, which is the focus of Plaintiffs' irreparable harm argument, irreparable harm is generally found if there is a "loss of control of a business' reputation, a loss of trade and loss of goodwill." CytoSport, Inc. v. Vital Pharmaceuticals, Inc., 617 F. Supp. 2d 1051, 1080 (E.D. Cal. 2009), aff'd, 348 F. App'x 288 (9th Cir. 2009). Evidence of actual confusion is very persuasive in deciding whether irreparable harm is likely. See Volkswagen, 2009 WL 928130, at *6 (N.D. Cal. Apr. 3, 2009).

Plaintiffs cite three pieces of evidence in their irreparable harm argument. (Plaintiff's Amended Memorandum in Support of a Preliminary Injunction at 14:5-16:26, Docket No. 27-2.) The first

is a letter written from Plaintiff's distributor to Defendant, claiming that Defendant's loafers confused customers and diminished Plaintiffs' sales. (Bates Decl. Ex. C, Docket No. 27-9.) Like the Order, the Court finds that this letter provides information that is too limited and general.[1] The second is a picture of Defendant's loafers above Plaintiffs', with text below that reads: "The Gap is on fire with their women's shoes lately! I am loving their Tassel Loafers for the Fall, and found them strikingly similar to that of Charles Philip, and only a fraction of his prices!" (Bates Decl. Ex. D, Docket No. 27-10.) Plaintiffs' attorney's declaration states that this exhibit "is a true and correct copy of a website blog discussing the 'substantial similarities' between the GAP shoes and Charles Philip." (Bates Decl. ¶ 7, Docket No. 27-3.) Plaintiffs do not explain what website the exhibit comes from, who wrote it, or any other facts that would lay a foundation. Plaintiffs must provide "admissible evidence" to show irreparable harm, so the Court cannot consider the instant exhibit. See Volkswagen, 2009 WL 928130, at *6.

Plaintiffs' third and final piece of evidence is Exhibit E to the Bates Declaration. Plaintiffs' attorney states Exhibit E contains "true and correct copies of correspondences from Plaintiffs, showing actual irreparable harm incurred by

---

[1] The letter provides limited information. It does not explain how its author knew customers had been confused, nor does it specify any actual lost revenues that have occurred since Defendant's product was introduced. Id. The letter's general statements are insufficient to "demonstrate" that there is an "immediate threatened injury." See Caribbean Marine, 844 F.2d at 674; see also Overstreet ex rel. Nat'l Labor Relations Bd. v. W. Prof'l Hockey League, Inc., No. CV 09-0591 PHX ROS, 2009 WL 2905554, at *8 (D. Ariz. Sept. 4, 2009) (explaining that "clear evidence, not speculation' is required to support allegations of "irreparable harm"). Order at 5:4-17.

4

1  Plaintiffs." (Bates Decl. ¶ 8.)  Exhibit E is a copy of a single
2  email from Lizette Hernandez, who states that she is affiliated
3  with JBTL. (Bates Decl. Ex. E., Docket No. 27-11.)  The exhibit
4  itself does not indicate to whom the email was sent.  (See id.)
5  There is no evidence about what role Lizette Hernandez has at JBTL.
6  There is no information about how she came to know what she wrote
7  in the email.

8     The email states that some stores have threatened to stop
9  carrying Plaintiff's loafers, but does not explain which stores (or
10 how many) have made these threats.  Since there is insufficient
11 reason to believe the author of the email has personal knowledge
12 about the subject of her email, and since the email is speculative
13 and conclusory, Plaintiffs fail to introduce "admissible evidence"
14 indicating that "harm is real, imminent and significant."  See
15 Volkswagen, 2009 WL 928130, at *6.

16    Because Plaintiffs have insufficient evidence, they have not
17 shown a likelihood of irreparable harm.  Additionally, Defendant
18 has minimized any harm that Plaintiffs might suffer, because it
19 ceased producing loafers with a "Phillip" or "Philli" stamp.
20 (Second Hubbard Decl. ¶ 6-7.)

21 **IV. Conclusion**

22    For the reasons set forth above, Plaintiffs' Motion is DENIED.

23

24 IT IS SO ORDERED.

25

26

27 Dated: December 27, 2012

28                                     DEAN D. PREGERSON
                                      United States District Judge

5