O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMBO BRIGHT TRADING LIMITED, a Hong Kong corporation; CHARLES ANTHONY PHILIP POZZI,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE GAP, INC.,<br><br>　　　　Defendant.<br>_____ | Case No. CV 12-08932 DDP (MANx)<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S DECEMBER 27, 2012 ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION<br><br>[Docket No. 41] |

　　Presently before the Court is Plaintiffs' Motion for Reconsideration re Order on Motion for Preliminary Injunction.

　　A motion for reconsideration is an "extraordinary remedy, to be used sparingly." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Indeed, "[m]otions for reconsideration are generally unwelcome." Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2011) § 12:158.1, at 12-60. Local Rule 7-18 lists the situations in which a motion for reconsideration is proper:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

The Court finds that the Order Denying Plaintiffs' Motion for a Preliminary Injunction ("Order") accurately evaluated Plaintiffs' evidence. (See generally Docket No. 40.) As for the declaration of Peter Grueterich, the Order did not cite this declaration, because it was attached to and first discussed in Plaintiffs' reply brief for the Preliminary Injunction Motion. (See generally Docket No. 31 at 9:21-10:21; Docket No. 31-3.) Plaintiffs state that they supplied the Grueterich declaration to "address the Court's concern" in its Order Denying Plaintiffs' Ex Parte Application for a Temporary Restraining Order. (Plaintiffs' Memorandum in Support of Motion for Reconsideration at 7:21-24, Docket No. 41-1.) Plaintiffs were, thus, responding to a concern the Court addressed before Plaintiffs filed their Motion for a Preliminary Injunction. They, accordingly, should not have waited to provide and discuss the Grueterich declaration in their reply brief, and the Court, therefore, need not consider it. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (affirming district court's decision to reject points raised for the first time in reply); see also C.D.

///

///

2

Cal. L.R. 7-5 (stating that "[t]he evidence upon which the moving party will rely in support of the motion" should be filed with the "notice of motion").

IT IS SO ORDERED.

Dated: January 14, 2013

DEAN D. PREGERSON
United States District Judge

3